UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARIA REYES,<br><br>    Plaintiff<br><br>v.<br><br>PHYLLIS HOWARD, District Director,<br>U.S. Citizenship and Immigration Services, et al.,<br><br>    Defendants | Civ. No. 1:07-cv-349 (RJL) |

**OPPOSITION TO DEFENDANTS' MOTION FOR ENLARGEMENT
OF TIME TO ANSWER, MOVE OR OTHERWISE
RESPOND TO PLAINTIFF'S COMPLAINT**

The Plaintiff, MARIA REYES, respectfully opposes the Defendants' Motion for Enlargement of Time to Answer, Move or Otherwise Respond to Plaintiff's Complaint in the above-captioned case. The Plaintiff filed a verified complaint for mandamus and declaratory judgment with this Court on February 15, 2007. The U.S. Government Defendants were properly served and an answer is due on or before April 23, 2007. *See* Fed. R. Civ. P. 12(a)(3)(A). The Defendants have not presented good cause for an enlargement of time to answer the Plaintiff's complaint. Accordingly, the Defendants' motion for enlargement should be denied.

The Plaintiff's underlying complaint is an action for mandamus and declaratory relief pursuant to 28 U.S.C. §§1331 and 1361, 5 U.S.C. §§555(b) and 702, and the Immigration and Nationality Act ("INA") and its related regulations. As set forth in her complaint, the Plaintiff seeks to compel the Defendants, in particular U.S. Citizenship and Immigration Services ("CIS"), to adjudicate her long-delayed application for adjustment of status to lawful permanent

resident. The Defendants have unreasonably withheld action on that application for more than four years, to the serious and ongoing detriment of the Plaintiff.

On April 17, 2007, Assistant U.S. Attorney Marian Borum, counsel for the Defendants, contacted the undersigned counsel regarding the Plaintiff's complaint. Ms. Borum asserted that on April 13, 2007, she attempted to contact agency counsel from CIS regarding the Plaintiff's pending adjustment of status application, but learned that agency counsel would be out of the office until April 24, 2007. Ms. Borum then attempted to contact two other individuals at CIS, neither of whom returned her telephone messages. In response, the undersigned counsel inquired whether, to Ms. Borum's knowledge, CIS had submitted a request to expedite the background checks that appear responsible for the unreasonably lengthy delay in this case. Ms. Borum replied that she was unaware of any such expedite request. Ms. Borum asserted that because she has been unable to speak with anyone at CIS regarding the Plaintiff's application, she intended to seek additional time to prepare and submit an answer to the Plaintiff's complaint. The undersigned counsel advised Ms. Borum of the Plaintiff's opposition to any enlargement of time.

On April 17, 2007, counsel for the Defendants filed a Motion for Enlargement of Time to Answer, Move or Otherwise Respond to Plaintiff's Complaint. The Government has failed to present good cause for an extension of time. *See* Fed. R. Civ. P. 6(b); *Simpson v. Socialist People's Libyan Arab Jamahiriya*, 2001 WL 1701673, *2 (D.D.C. 2001) (reiterating that "any extension of a time limitation must be 'for cause shown'"). The Case Management Order issued by this Court on February 27, 2007 plainly states that "[m]otions for extension of time to file pleadings are strongly discouraged unless both parties consent." Moreover, motions for enlargement are granted by the Court "only upon a showing of good cause, focusing on the diligence of the party seeking the continuance and any prejudice that may result if the Court

denies the continuance." *See Jackson v. Finnegan, Farabow, Garrett & Dunner*, 101 F.3d 145 (D.D.C. 1996).

Contrary to the Government's motion, CIS agency counsel's unexplained failure to communicate with its own legal representative from the U.S. Attorney's Office does not amount to "good cause shown" for an enlargement of time. Such agency unresponsiveness is characteristic of the treatment that the Plaintiff has endured since applying for adjustment of status in December 2001. In fact, the sole basis for the Plaintiff's underlying complaint is the unreasonable delay by CIS and its fellow U.S. Government Defendants in adjudicating her meritorious adjustment of status application. Further delay will only perpetuate the harm already suffered by the Plaintiff, who clearly has been prejudiced by the Government's inaction. The Defendants have already been afforded 60 days within which to respond to the Plaintiff's complaint; a further enlargement of time is not justified.

WHEREFORE, the Plaintiff respectfully opposes the Defendants' motion for enlargement of time to move, answer or otherwise respond to the Plaintiff's complaint. A proposed order denying the relief sought is attached hereto.

Respectfully submitted this 17th day of April 2007,

MARIA REYES
*By counsel,*

_____
Thomas K. Ragland
DC Bar Number: 501021

MAGGIO & KATTAR
11 Dupont Circle, NW, Suite 775
Washington, DC 20036
Phone: (202) 483-0053 / Fax: (202) 483-6801
tragland@maggio-kattar.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARIA REYES,<br><br>    Plaintiff<br><br>v.<br><br>PHYLLIS HOWARD, District Director,<br>U.S. Citizenship and Immigration Services, et al.<br><br>    Defendants | Civ. No. 1:07-cv-349 (RJL) |

## ORDER

UPON CONSIDERATION of the Defendants' Motion for Enlargement of Time, and the Plaintiff's response thereto, it is this _____ day of _____, 2007

HEREBY ORDERED that the motion is DENIED.

Date_____

_____
RICHARD J. LEON
United States District Judge