UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARIA REYES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 07-0349 (RJL) |
| PHYLLIS HOWARD, District Director, ) | |
| U.S. Citizenship and Immigration Services, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR ENLARGEMENT OF TIME TO ANSWER, MOVE OR
OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT**

Defendants, through counsel, the United States Attorney for the District of Columbia, respectfully file this reply in response to plaintiff's Opposition to Defendants' Motion for Enlargement of Time to Answer, Move or Otherwise Respond to Plaintiff's Complaint ("Opp.").

This matter pertains to plaintiff's Verified Complaint for Mandamus and Declaratory Judgment seeking adjudication of plaintiff's I-485 application for adjustment of status, which is pending before United States Citizenship and Immigration Services ("USCIS").  Plaintiff, through counsel, Thomas K. Ragland, complains that she filed the application for adjustment of status, and "[d]efendant CIS has unreasonably delayed and refused to adjudicate [the] application for over four years . . . ."  Complaint at ¶ 16.

However, before USCIS can adjudicate an application for adjustment of status, it is required to await favorable completion of the national security Federal Bureau of Investigation ("FBI") name check, and is required to have all background checks favorably resolved.  See Public Law 103-317, 108 Sta. 1724, August 26, 1994, which in part amended 8 U.S.C. § 1225, by mandating that "[t]he Immigration and Naturalization Service shall conduct full fingerprint

identification checks through the Federal Bureau of Investigation for all individuals over sixteen years of age adjusting immigration status in the United States pursuant to this section." Before a decision is rendered on an alien's I-485 application, USCIS, in conjunction with the FBI conducts several forms of security and background checks to ensure that an alien is eligible for the benefit, and that she is not a risk to national security or public safety. These checks include: (a) a records check against the immigration systems of the Department of Homeland Security ("DHS"); (b) an FBI fingerprint check for relevant criminal history records on the alien; (c) a check against the Interagency Border Inspection System, which is managed by DHS, and contains records and "watch list" information from more than twenty federal law enforcement and intelligence agencies; and (d) an FBI name check, which is run against FBI investigative databases containing information that is not necessarily reviewed by the FBI's fingerprint check or the Interagency Border Inspection System. See 8 U.S.C. § 1105(a). Clearly this is not a rapid process, nor it is one which may be done in a less than thorough manner. In this matter, agency counsel for USCIS indicated to undersigned counsel that this process had not been completed.

While plaintiff's counsel argues that the delay has been "unreasonable," the regulations do not establish any time frame in which adjudication of an alien's I-485 application must occur. See 8 C.F.R. § 245. Consequently, USCIS has no clear mandatory duty to adjudicate plaintiff's application prior to completion of the required background checks in order to meet a prescribed deadline. Moreover, courts have held that four years is not an unreasonable delay. See Uckan v. Chertoff, No. 3:05-CV-2502-P (N.D. Tex. December 19, 2006)(holding that four years is not an unreasonable delay for a pending naturalization application awaiting completion of a background check); Sadafi v. Howard, 466 F.Supp.2d 696, 700-01 (E.D Va. 2006) (nearly four year delay

was not so unreasonable as to be tantamount to a refusal to process the application); see also Jabr v. Chertoff, 2006 WL 3392504 (E.D. Mo. Nov. 21, 2006)(more than two years since adjustment application filed).

In his opposition, plaintiff's counsel states that undersigned counsel "asserted that because she has been unable to speak with anyone at CIS regarding the Plaintiff's application, she intended to seek additional time to prepare . . . an Answer to the Plaintiff's complaint." Opp. at p. 2. Mr. Ragland is wrong. As indicated in the Motion for Enlargement of Time to Answer, Move or Otherwise Respond to Plaintiff's Complaint ("Motion"), undersigned counsel spoke with agency counsel's first line supervisor. See Motion at p. 2. After that conversation, the first line supervisor began to assist in the matter. See id. However, even with that assistance, at this point, it will not be possible to prepare a response to plaintiff's complaint by April 23, 2007. Moreover, while the required process is proceeding, it is important to note that the Supreme Court has stated that adjustment of status through which an alien in the United States may apply for permanent resident status "is a matter of grace, not right." Elkins v. Moreno, 435 U.S. 647, 667 (1978).

As indicated in the Motion, this is the defendants' first request for an enlargement of time in this matter. As there are no pending deadlines, this enlargement will not affect any other deadlines in this matter. Accordingly, for reasons stated in defendants' motion and herein, defendants respectfully request that the Motion for Enlargement of Time be granted.

Respectfully submitted,


/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s/
MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney
555 Fourth Street, N.W., Civil Division
Washington, D.C.  20530
(202) 514-6531
Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of April, 2007, I caused the foregoing to be served first class mail, postage prepaid, to plaintiff's counsel:

Thomas K. Ragland
Maggio & Kattar
11 Dupont Circle, N.W.
Suite 775
Washington, D.C.  20036


                                               /s/
                                             MARIAN L. BORUM
                                             Assistant United States Attorney